1
2
3
4
5
6
7                   UNITED STATES DISTRICT COURT

8                       DISTRICT OF OREGON

9                       PORTLAND DIVISION

10

11

12  CLACKAMAS COUNTY, OREGON,              No. 3:13-cv-01968-HU

13            Plaintiff,              **FINDINGS AND
                                      RECOMMENDATION**

14        v.

15  RON E. MEDLEY,

16            Defendant.

17  _____

18  HUBEL, Magistrate Judge:

19      Under consideration is Ron Medley's ("Medley") notice to

20  remove this traffic case from Clackamas County Justice Court, Case

21  No. 1041902909.  Medley appears *pro se* and has filed a motion to

22  proceed in forma pauperis.

23                **I. FACTS AND PROCEDURAL HISTORY**

24      On September 9, 2013, at approximately 1:15 a.m., Medley was

25  issued a traffic citation in Clackamas County for failing to

26  maintain a safe distance from an emergency vehicle.  The

27  presumptive fine for such a traffic violation is $260.00. Although

28

Page 1 - FINDINGS AND RECOMMENDATION

1  Medley now resides in Lake Oswego, Oregon, he claims that he was an
2  Arizona resident at the time of the traffic stop.

3      Medley asserts that he was racially profiled; that the officer
4  had no valid reason to stop him; and that Clackamas County has
5  generally conducted its past activities in a manner inconsistent
6  with Title VII of the Civil Rights Act of 1964.  In the caption of
7  the notice of removal, Medley also references "Violation of Equal
8  Protection under the U.S. Constitution"; "Violation of Right to
9  Travel under U.S. Constitution"; "Violation of Abuse of Process
10 under U.S. Constitution"; "Violation of Race Discrimination"; and
11 "Violation of First and Fourth Amendment Rights."  (Notice of
12 Removal at 1.)

13     On October 10, 2013, Medley was served with a summons and copy
14 of a "Trial Date Notice," indicating that Medley had entered a plea
15 of not guilty and that there was a trial scheduled for November 20,
16 2013, at 4:30 p.m., in Clackamas County Justice Court.  (Notice of
17 Removal ¶ 2, Ex. A at 1.)  Nearly one month later, on November 6,
18 2013, Medley removed the Clackamas County Justice Court action to
19 federal court pursuant to 28 U.S.C. §§ 1443(1), 1455.  According to
20 Medley, removal is appropriate under § 1443(1) because "this is a
21 question of 'racial equality' and [he] cannot enforce his rights in
22 [the] state court action."  (Notice of Removal ¶¶ 5-6.)  Twelve
23 days later, on November 18, 2013, Medley filed a motion to dismiss
24 the Clackamas County Justice Court complaint pursuant to Federal
25 Rule of Civil Procedure ("Rule") 12(b)(6).

26                          **II. DISCUSSION**

27     As a threshold matter, the Court must examine whether it has
28 subject matter jurisdiction over Medley's case.  "A federal court

Page 2 - FINDINGS AND RECOMMENDATION

1  must *sua sponte* remand a case removed from state court if the
2  federal court lacks subject matter jurisdiction over the case."
3  *Butler-El v. Maryland, Inc.*, No. JFM-12-2707, 2012 WL 4846769, at
4  *1 (D. Md. Oct. 9, 2012).

5       There does not appear to be an independent basis for federal
6  question or diversity jurisdiction in this case. *See Takeda v. Nw.*
7  *Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985) (stating
8  that federal question jurisdiction arises only from the face of a
9  well-pleaded complaint, not the defenses or counterclaims alleged
10 by a defendant); *Matheson v. Progressive Specialty Ins. Co.,* 319
11 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) (explaining that, in
12 a diversity action, the removing party must prove that amount in
13 controversy exceeds $75,000 where it is not "facially evident" from
14 complaint).

15      "Section 1443 gives a right of removal to, among others,
16 certain petitioners who claim federally secured rights as a defense
17 to a state prosecution." *California v. Sandoval*, 434 F.2d 635, 636
18 (9th Cir. 1971) (per curiam).  As the Ninth Circuit explained in
19 *Sandoval*,

20          [a]ll petitions for removal [under § 1443] must satisfy
            two criteria: first, the petitioners must assert, as a
21          defense to the prosecution, rights that are given to them
            by explicit statutory enactment protecting equal racial
22          civil rights.  Second, petitioners must assert that the
            state courts will not enforce that right, and that
23          allegation must be supported by reference to a state
            statute or a constitutional provision that purports to
24          command the state courts to ignore the federal rights.
            Bad experiences with the particular court in question
25          will not suffice.

26 *Id.* (internal quotations omitted).

27      In *Hawaii v. Jim*, 31 F. App'x 426 (9th Cir. 2002), for
28 example, the notice of removal failed "to address how the Hawaiian

Page 3 - FINDINGS AND RECOMMENDATION

Homes Commission Act of 1920, or the Admissions Act of 1959, explicitly afford[ed] her a defense as a Native Hawaiian from citation for automobile-related infractions, and failed to indicate which state law or constitutional provision commands the State of Hawaii to ignore her federal rights." *Id.* at 427. As a result, the Ninth Circuit concluded that the district court properly remanded the matter to state court. *Id.*

At a minimum in this case, as in *Jim*, Medley's notice of removal fails to indicate which state law or constitutional provision commands the State of Oregon to ignore his federal rights. In the Court's view, "[a]ll of the issues raised by [Medley] are rights that are certainly enforceable in state court. Indeed, it is generally presumed that 'the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal.'" *Delaware v. Burr*, 2012 WL 113012, at *2 (D. Del. Jan. 12, 2012) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975)).

### III. CONCLUSION

For the reasons stated, the present action should be summarily remanded to state court by separate order. Pending motions, if any, should be denied as moot.

### IV. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **January 2, 2014.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **January 20, 2014.** When the response is due or

Page 4 - FINDINGS AND RECOMMENDATION

1 | filed, whichever date is earlier, the Findings and Recommendation
2 | will go under advisement.

3 |       Dated this 9th day of December, 2013.

4 |                                    /s/ Dennis J. Hubel
                          _____
5 |                              DENNIS J. HUBEL
                          United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION